UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 20-13-DLB-EBA

TERESA CORNETT, et al.                                          PLAINTIFFS

v.                          **ORDER OF DISMISSAL**

JEFFERY DOBSON, et al.                                          DEFENDANTS

* * * * * * * * * * * * * *

This matter is before the Court on the failure of Plaintiffs Teresa Cornett and Whitney Williams to prosecute their case and their failure to respond to the Court's orders. On July 14, 2020, the Court granted the motion to withdraw filed by Plaintiffs' attorney. (Doc. # 27). In that Order, the Magistrate Judge provided Plaintiffs thirty days to secure new counsel or proceed pro se. (*Id.*). Since the entry of that Order, Plaintiffs have made no filings with the Court. On October 14, 2020, Defendants moved for summary judgment as to all claims asserted against them. (Doc. # 32). Plaintiffs have not filed a response to Defendants' Motion for Summary Judgment, and the deadline to do so under the Local Rules has elapsed. *See* LR 7.1(c). On November 11, 2020, the Court entered a Show Cause Order providing Plaintiffs fourteen days to respond explaining why Plaintiffs' Complaint should not be dismissed for failure to prosecute and failure to comply with the Local Rules. (Doc. # 33). That Order specifically warned Plaintiffs that failure to respond to the Court's Order would result in the dismissal of their case. (*Id.*).

It is well-settled that district courts have the authority to *sua sponte* dismiss actions for failure to prosecute under Federal Rule of Civil Procedure 41(b). *Carpenter v. City of*

1

*Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999)).  Courts consider the following four factors to determine whether dismissal for failure to prosecute is warranted:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* (quoting *Knoll*, 176 F.3d at 363).  This standard should be "greatly relaxed" when a case is dismissed pursuant to Rule 41(b) *without prejudice* because "the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004).

Regarding the first factor, willfulness, bad faith, or fault can be inferred where a party "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)).  Here, Plaintiffs did not respond to Magistrate Judge Atkins' Order following their attorney's withdrawal, they did not respond to this Court's Show Cause Order, and they did not file a response in opposition to Defendants' pending Motion for Summary Judgement.  In addition, as of July 2020, mail from the Court to Plaintiff Whitney Williams has been returned as undeliverable.  As explained in the prior Show Cause Order, it is

the responsibility of a party proceeding pro se to notify the Clerk and opposing counsel regarding any change of address under Local Rule 5.2(e).  In short, Plaintiffs' failure to take any action in this case since their attorney's withdrawal in July 2020 in the face of multiple court orders and Defendants' dispositive motion indicates at least reckless disregard for the effect of their conduct on this action.  *Wu*, 420 F.3d at 643.  In light of Plaintiffs' apparent abandonment of their case, this factor weighs in favor of dismissal.

The next factor—prejudice to the opposing party—also weighs in favor of dismissal.  Despite a lack of action on the part of Plaintiffs, Defendants have continued expending resources in an attempt to defend against the action, including filing a substantial Motion for Summary Judgement.  (Doc. # 32).  Further, several depositions were taken prior to Plaintiffs' abandonment of the action.  (*See* Docs. # 29, 30, and 31).  Thus, dismissal without prejudice at this stage will save Defendants from additional costs defending the action unnecessarily.

Third, Plaintiffs were expressly warned that a failure to respond could lead to dismissal in this Court's November 11, 2020 Show Cause Order.  (Doc. # 33).  Despite this warning, Plaintiffs have not contacted the Court in any way to inform of their intention to proceed with the case.

Finally, dismissal without prejudice is an appropriate sanction in this situation, as it balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits."  *Muncy*, 110 F. App'x at 557 n.5.  This resolution is also appropriate as Plaintiffs appear to be proceeding pro se, having failed to retain new counsel.  *See Schafer*, 529 F.3d at 737.  Accordingly,

**IT IS ORDERED** as follows:

(1) Plaintiffs' Complaint (Doc. # 1) is **DISMISSED without prejudice** for failure to prosecute;

(2) Defendants' Motion for Summary Judgment (Doc. # 32) is **DENIED as moot**; and

(3) This matter is **STRICKEN** from the active docket of the Court.

This 5th day of April, 2021.



Signed By:
*David L. Bunning* DB
United States District Judge

J:\DATA\ORDERS\PikeCivil\2020\20-13 Order Dismissing Failure to Prosecute.docx